IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISON

Shatena McCoo                                           Civil Action No.

        Plaintiff

v.

Western Shamrock Corporation                            **JURY TRIAL DEMANDED**

        Defendant

## CIVIL ACTION

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District of Texas and their damages occurred here.

## PARTIES

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Western Shamrock Corporation, (hereinafter, Western Finance) is a for-profit company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer

1

reporting agencies about consumer transactions. Western Finance is a financial institution actively conducting business in Texas.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant Western Finance is reporting Plaintiff's Western Finance account #6493* on her Trans Union credit report.

8. Plaintiff's debt with Western Finance arose from a personal loan. Western Finance closed the account on 10/01/2015, after the account was paid in full. Plaintiff's payment obligations to Western Finance ceased.

9. The trade line was updated to reflect a $0 balance when the account was closed on 10/01/2015.

10. According to Plaintiff's Trans Union credit report dated 01/15/2019, Plaintiff's Western Finance account was closed with a $0 balance on or about 10/01/2015. Despite the Western Finance account being closed with a $0 balance on or around 10/01/2015, Western Finance continued to report an erroneous pay status of "Account 120 Days Past Due Date" for the above listed account on Plaintiff's Trans Union report dated 01/15/2019.  It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 120 Days Past Due Date as of 01/15/2019. Not only is the Western Finance account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously paid in full. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

11. The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The account is inaccurately reporting that Plaintiff is currently 120 Days Past Due Date on an account that has a $0 balance. Plaintiff's financial obligations that were once due to Western Finance have been paid in full. On 10/01/2015 when the account actually closed, the defendant should have reported the "Pay Status" data field as "closed". Instead of reporting the account as currently 120 Days Past Due Date, the correct reporting would have reported the pay status as "closed". Reporting the account as currently 120 Days Past Due Date makes it appear as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 120 Days Past Due Date is reporting as if Plaintiff is currently late on payments to Western Finance even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

12. The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Western Finance account as reported by Trans Union and Western Finance to be a current past due obligation, thus negatively affecting Plaintiff's credit worthiness.

13. Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

14. Plaintiff disputed the inaccurate late pay status on her Western Finance account through a dispute letter sent to Trans Union.

15. Western Finance did not provide a good faith investigation and failed to modify/correct, delete, or block the disputed pay status of the Western Finance account.

16. Based upon information and belief, Trans Union received Plaintiff's dispute and transmitted the dispute to Western Finance, triggering the investigations duties for Defendant; however, Defendant failed. Had Defendant properly investigated, Defendant would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong. Instead, Defendant verified the erroneous trade line displaying the late pay status.

17. Western Finance continues to report a pay status indicating that the debt is currently late.

### COUNT I
### WESTERN FINANCE'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

18. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

19. At all times pertinent hereto, Western Finance was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

20. Western Finance willfully and negligently supplied Trans Union with information about Plaintiff that was false, misleading, and inaccurate.

21. Western Finance willfully and negligently failed to conduct a reasonable investigation into the inaccurate pay status information that Plaintiff disputed. Had Western Finance

conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

22. Western Finance did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Trans Union. Western Finance's investigation was unreasonable and lacking because it failed to lead Western Finance to correct the inaccurate pay status they were reporting to Trans Union regarding Plaintiff. A reasonable investigation would have discovered that they should not be reporting the account to Trans Union with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current but past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Western Finance account is being reported as a current past due obligation monthly, which is inaccurate.

23. Western Finance willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

24. As a direct and proximate cause of Western Finance's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

25. Western Finance's conduct, action, and inaction was willful, rendering it liable for actual and compensatory damages, statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Western Finance was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### *Third Parties have viewed Plaintiff's Trans Union Credit Report*

26. The Western Finance account that was reported on Plaintiff's Trans Union credit report has been viewed by third parties all to the detriment and loss of the Plaintiff.

27. Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Western Finance on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

28. Plaintiff's credit report, credit information, and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on their credit report. The inaccurate information furnished by Western Finance and reported by Trans Union is continuing to damage the Plaintiff's credit rating as well as her credit reputation.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor against the Defendant based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

    e.  Such other and further relief as may be necessary, just and proper.

Dated: January 15, 2021

    Respectfully Submitted,

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 225-412-2777